United States District Court
Southern District of Texas
**ENTERED**
November 22, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WAYNE M. ENGLISH,<br><br>Appellant,<br>v.<br><br>LOWELL T. CAGE,<br><br>Appellee. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-26-3654 |
| IN RE:<br><br>PORTER DEVELOPMENT PARTNERS LLC | §<br>§<br>§<br>§<br>§<br>§ | Bankruptcy Case No. 15-31305 |

**MEMORANDUM OPINION AND ORDER**

Wayne M. English has vigorously litigated several adverse rulings in this case. (*See* Docket Entry No. 9 (noting that "[t]his appeal marks the seventh appeal filed . . . during the course of the past decade . . . ." (collecting cases))); *see also id.* ("All claims filed by English against the estates of the Wallace Bajjali Debtors (other than Fund II) were summarily disallowed by the Bankruptcy Court and adjudicated on appeal by this court in the claim-disallowance appeal years ago (citation modified))).

English "challeng[es] the U.S. Trustee's and Bankruptcy Court's approval of the Trustee's Final Report[,] to prevent final distribution of assets to the . . . stakeholders of the Porter Development chapter 7 estate." (Docket Entry No. 9 at 2). Trustee Lowell T. Cage moves to dismiss the appeal, (Docket Entry No. 9; Docket Entry No. 12 (noting that the bankruptcy court found English in contempt for failing to obtain approval before filing appeals of orders (citing Bankruptcy Case No. 15-31305, Docket Entry No. 1074))). Cage argues that English "has not and

cannot provide evidence that he was directly and adversely affected pecuniarily by the Bankruptcy Court's . . . approval of the Final Report for Porter Development's estate" and that English "has no standing to prosecute this appeal." (Docket Entry No. 9 at 2).

Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion to dismiss the appeal, (Docket Entry No. 9). The response to the motion to supplement, (Docket Entry No. 13), is denied, as moot. The reasons for this ruling are set out below.

## I. The Legal Standard

A federal district court has jurisdiction to hear appeals from a bankruptcy court's final orders under 28 U.S.C. § 158(a). The district court reviews the bankruptcy court's findings of fact for clear error and conclusions of law de novo. *See In re Whitley*, 737 F.3d 980, 985 (5th Cir. 2013); *In re Lothian Oil, Inc.*, 650 F.3d 539, 542 (5th Cir. 2011). Matters within the bankruptcy judge's discretion are review for abuse of discretion. *See In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002); *In re Waco Town Square Partners, LP*, 536 B.R. 756, 761 (S.D. Tex. 2015).

### A. Standing

Standing in bankruptcy cases is governed by the "person aggrieved test." *In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004). "The 'person aggrieved' test is an even more exacting standard than traditional constitutional standing." *Id.* "Because bankruptcy cases typically affect numerous parties, the 'person aggrieved' test demands a higher causal nexus between act and injury; appellant must show that he was 'directly and adversely affected pecuniarily by the order of the bankruptcy court' in order to have standing to appeal." *Id.* at 202-03 (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)). "This restriction narrows the playing field, ensuring that only those with a direct, financial stake in a given order can appeal it.

Thus in bankruptcy litigation, as in life, 'the more money we come across, the more problems we see.'" *In re Technicool Sys., Inc.*, 896 F.3d 382, 386 (5th Cir. 2018) (citation omitted).

## II. Analysis

"English . . . made a single $100,000 investment only in Fund II. He made no investments in . . . the other Wallace Bajjali Debtors." (Docket Entry No. 9 at 6). The court agrees that English's "shareholder[] interest . . . is derivative, not direct." (*See id.* (citing, *inter alia*, *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir. 1970) ("A stockholder of a corporation does not acquire standing to maintain an action in his own right, as a shareholder, when the alleged injury is inflicted upon the corporation and the only injury to the shareholder is the indirect harm which consists in the diminution in value of his corporate shares resulting from the impairment of corporate assets.")))). "English[,] as an equity holder in Fund II[,]" lacks standing to "appeal the Bankruptcy Court's decision approving the Final Report for Porter Development's estate." (*See* Docket Entry No. 9 at 7; *see also id.* at 8 ("English cannot and will not receive distributions from any other Wallace Bajjali Debtors' estates in contravention of the priority payment scheme mandated by the Bankruptcy Code.")).

## III. Conclusion

Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion to dismiss the appeal, (Docket Entry No. 9). The response to the motion to supplement, (Docket Entry No. 13), is denied, as moot.

SIGNED on November 16, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge